IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LEROY GREENE, JR.,

    Petitioner,

v.                                                        Civil Action No. 3:10cv53

GENE JOHNSON,

    Respondent.

## MEMORANDUM OPINION

Petitioner Leroy Greene, Jr., a Virginia inmate proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 Pet.").[1] (Docket No. 1.) Greene challenges his convictions in the Circuit Court for Fairfax County ("Circuit Court") for robbery, rape, and abduction with intent to defile. The matter is before the Court on Johnson's request to dismiss Claim 2, Greene's only remaining claim, on the ground that the federal constitutional aspects of Claim 2 are unexhausted and procedurally defaulted.[2] (Docket No. 20.) Jurisdiction exists under 28 U.S.C. §§ 636(c) and 2254. For the reasons set forth below, Johnson's request will be granted and the action will be dismissed.

---

[1] 28 U.S.C. § 2254(a) states in relevant part:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

[2] Johnson also argues that Greene defaulted some of the factual bases for Claim 2 and that Claim 2 lacks merit. (Supplemental Br. Supp. Mot. Dismiss 9-12.) Given the Court's conclusion that Greene procedurally defaulted the federal constitutional aspects of Claim 2, no need exists to address these additional arguments.

## I. Procedural History of the 2254 Proceedings

Greene demands relief upon the following grounds:

| | |
|---|---|
| Claim 1 | The evidence was insufficient to support Greene's conviction for robbery. |
| Claim 2 | "The trial court violated the Fifth[3] and the Fourteenth[4] Amendment rights to Due Process when it allowed the introduction of DNA evidence, over the petitioner's objections, when the Commonwealth was not able to establish a proper chain of custody for the handling of the DNA evidence." (§ 2254 Pet. Attach. 11.)[5] Greene relies upon the following facts in support of this claim: |

    (a) Detective Norton could not identify the individual at the front desk of the Northern Lab of the Virginia Department of Forensic Science ("Northern Lab") with whom he left the victim's Physical Evidence Recovery Kit ("PERK") kit.

    (b) When Detective Norton received the PERK kit back from the Northern Lab, he stored it in his personal property room.

    (c) When Detective Norton received Greene's buccal swabs back from the lab, he stored them in a filing cabinet in his unlocked office where other individuals may have had access to them.

    (d) After the DNA testing of the PERK kit was completed, but prior to its admission at trial, three envelopes were attached to the PERK kit. The prosecution could not explain who had attached the envelopes to the PERK kit.

    (e) When Detective Norton obtained the package containing the buccal swabs back from the Richmond lab, unidentified initials and tape were on the package.

    (f) Errors were "committed by the forensic science department during the analyzation of the evidence." (§ 2254 Pet. Attach. 16.)

| | |
|---|---|
| Claim 3 | Greene was denied the effective assistance of counsel. Trial counsel failed to move the Circuit Court for funds to hire a forensics expert to "challenge[ ] the analyzing process [and] the errors that were committed, and [who] would have shown the juror's [sic] how easily a DNA sample is contaminated." (§ 2254 Pet. Attach. 23.) |

---

[3] "No person shall be . . . deprived of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. V.

[4] "No State shall . . . deprive any person of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. XIV, § 1.

[5] The Court has omitted the emphasis in the quotations to Greene's submissions.

2

By Memorandum Opinion and Order entered on December 28, 2010, the Court dismissed Claims 1 and 3. *Greene v. Johnson*, No. 3:10cv53, 2010 WL 5395057, at *8 (E.D. Va. Dec. 28, 2010). Because it appeared that the federal constitutional aspects of Claim 2 were unexhausted and possibly procedurally defaulted, the Court directed the parties to submit further briefing on that issue. *Id.* at *5, *8.

## II. History of Greene's State Proceedings

In the early morning of March 4, 2004, Greene forced a 58-year-old woman from her car and demanded money. Greene then directed the woman behind an apartment building where he raped her. In December of 2006, a jury convicted Greene of robbery, rape, and abduction with intent to defile in connection with the above events.

### A. Direct Appeal

Greene appealed his convictions. On appeal to the Court of Appeals of Virginia, Greene asserted, *inter alia*, that the evidence was insufficient to establish his guilt with respect to the rape and robbery charges and that the Circuit Court erred by admitting the DNA evidence against him because the prosecution did not establish a proper chain of custody for such evidence. With respect to the DNA evidence, Greene noted:

> In Mr. Greene's case, the Commonwealth introduced into evidence the Physical Evidence Recovery Kit (Commonwealth's exhibit 26), the Requests for Laboratory Analysis (Commonwealth's exhibits 27 and 29), buccal swabs from Mr. Greene (Commonwealth's exhibit 28), and two certificates of analysis referencing the above exhibits (Commonwealth's exhibits 30 and 31). All of these exhibits were objected to by Mr. Greene because of the failure to demonstrate a proper chain of custody.

Petition for Appeal 25-26, *Greene v. Commonwealth*, No. 0736-07-4 (Va. Ct. App. filed July 5, 2007).[6] Greene argued that the admission of the foregoing evidence violated state law. *Id.* at 24-27. Greene did not mention the federal Constitution in his challenge to the admission of the DNA evidence. *Id.*

On October 26, 2007, the Court of Appeals of Virginia denied Greene's appeal. *Greene v. Commonwealth*, No. 0736-07-4, at 1 (Va. Ct. App. Oct. 26, 2007). The Court of Appeals of Virginia cited only Virginia law in rejecting Greene's challenge to the admission of the DNA evidence. *Id.* at 8-10. Furthermore, citing Virginia Supreme Court Rule 5A:18,[7] the Court of Appeals of Virginia concluded that a number of Greene's substantive arguments pertaining to the admission of the DNA evidence were barred because he had failed to raise the arguments in the Circuit Court.[8]

---

[6] (Resp't's Br. Supp. Mot. Dismiss ("Resp't's Br.") Ex. B 25-26.)

[7] That rule provided, in pertinent part:

> No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice. A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to constitute a question to be ruled upon on appeal.

Va. Sup. Ct. R. 5A:18 (West 2007).

[8] The Virginia Court of Appeals stated:

> In his petition, appellant also argues the Commonwealth failed to establish a proper chain of custody for the victim's physical evidence recovery kit ("PERK") and appellant's buccal swabs because 1) at trial, there were envelopes attached to the box containing the PERK and 2) Detective Norton was uncertain where in his police car he placed the PERK in transit from the hospital to police headquarters, was unable to identify, by name, the persons to whom he handed the PERK, and was initially uncertain at trial where the buccal swabs were located. A close review of the record reveals appellant did not make these arguments at trial. "The Court of

4

Thereafter, Greene petitioned the Supreme Court of Virginia for an appeal. With respect to the DNA evidence, Greene once again cited only Virginia law in his challenge to the admission of that evidence. Petition for Appeal 30-34, *Greene v. Commonwealth*, No. 080605 (Va. filed Mar. 28, 2008).[9] On September 24, 2008, the Supreme Court of Virginia refused Greene's petition for appeal. *Greene v. Commonwealth*, No. 080605, at 1 (Va. Sept. 24, 2008).

### B. State Habeas Proceedings

On June 5, 2009, Greene filed a petition for a writ of habeas corpus[10] with the Supreme Court of Virginia, wherein he claimed:

| | |
|---|---|
| Claim A | "No rational trier of facts could have found the essential elements of robbery proved beyond a reasonable doubt, therefore, conviction violates the Fourteenth Amendment." (State Habeas Pet. ¶ 14(a).) |
| Claim B | "Trial court violated Fourteenth Amendment right to due process when it allowed the introduction of DNA evidence that was not properly introduced through chain-of-command-rules." (*Id.* ¶ 14(b).) |
| Claim C | "Ineffective assistance of trial counsel violated Sixth[11] and Fourteenth Amendments." (*Id.* ¶ 14(c).) |

Despite the fact that he referenced the Fourteenth Amendment in conjunction with his challenge to the admission of the DNA evidence, Greene represented that Claim B was the same claim that

---

Appeals will not consider an argument on appeal which was not presented to the trial court." *Ohree v. Commonwealth*, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998); *see* Rule 5A:18.

*Greene*, No. 0736-07-4, at 8-9 n.2.

[9] (Resp't's Br. Ex. E 30-34.)

[10] Petition for Writ of Habeas Corpus, *Greene v. Warden of Keen Mountain Corr. Ctr.*, No. 091152 (Va. filed June 5, 2009) ("State Habeas Pet."); (Docket No. 17).

[11] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

he had raised on direct appeal to the Court of Appeals of Virginia and the Supreme Court of Virginia. (*Id.* ¶ 15(a).) Greene further represented that only his ineffective assistance of counsel had not been previously presented to a Virginia court. (*Id.* ¶ 16(a).)

On October 23, 2009, the Supreme Court of Virginia denied that petition. *Greene v. Warden of Keen Mountain Corr. Ctr.*, No. 091152, at 1 (Va. Oct. 23, 2009). In apparent reliance upon Greene's statements regarding the procedural history of his claims, the Supreme Court of Virginia concluded Greene's challenges to the sufficiency of the evidence (Claim A) and the introduction of the DNA evidence (Claim B) "are barred because these issues were raised and decided in the trial court and on direct appeal from the criminal convictions, and therefore, they cannot be raised in a habeas corpus petition." *Id.* at 1-2 (*citing Henry v. Warden*, 576 S.E.2d 495, 496 (Va. 2003)).[12]

### III. Analysis

#### A. Exhaustion and Procedural Default

State exhaustion "'is rooted in considerations of federal-state comity,'" and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (*quoting Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n. 10 (1973)). The purpose of the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v.*

---

[12] The Supreme Court of Virginia found that Greene's ineffective assistance of counsel claim lacked merit. *Greene*, No. 091152, at 2.

*Boerckel*, 526 U.S. 838, 844-48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (*quoting Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)). Fair presentation demands that "'both the operative facts and the controlling legal principles'" must be presented to the state court. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (*quoting Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994, 995 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (*citing Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). A federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and

'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (*quoting Coleman*, 501 U.S. at 735 n.1).[13] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

In Claim 2, Greene contends the introduction of the DNA evidence, despite the prosecution's inability to establish a proper chain of custody, violated his right to due process.[14] "[W]here questions concerning exhaustion arise, the petitioner bears the burden of demonstrating that he properly presented his claim to the state courts in accordance 'with the state's chosen procedural scheme.'" *Reyes v. Kelly*, No. 3:09CV23-HEH, 2009 WL 3109856, at *2 (E.D. Va. Sept. 25, 2009) (*quoting Mallory*, 27 F.3d at 995). As explained below, Greene has not fairly presented the federal constitutional aspects of Claim 2 to the Supreme Court of Virginia in accordance with Virginia's "'chosen procedural scheme.'" *Id.* (*quoting Mallory*, 27 F.3d at 995).

---

[13] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (*citing Gray v. Netherland*, 518 U.S. 152, 161-62 (1996)).

[14] Of course, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see Frazier v. Johnson*, No. 3:09cv262, 2010 WL 1006902, at *3 (E.D. Va. Mar. 16, 2010). Thus, any complaint by Greene that the Circuit Court erred under Virginia law in admitting the DNA evidence does not provide a cognizable basis for federal habeas corpus relief.

### B. Lack of Fair Presentation

As noted previously, *see supra* Part II.A, on direct appeal Greene challenged the admission of the DNA evidence as a violation of state law. Greene contends that he exhausted his due process challenge to the admission of the DNA evidence by claiming on state habeas that the admission of the DNA evidence violated his Fourteenth Amendment right to due process. (State Habeas Pet. ¶ 14(b).) Nevertheless, given Greene's misleading statements regarding the provenance of this claim on Virginia's statutorily required habeas form, Greene fails to demonstrate that he properly exhausted the due process aspects of Claim 2.

"Virginia's chosen procedural scheme requires prisoners seeking habeas relief to utilize a standard form prescribed by statute." *Reyes*, 2009 WL 3109856, at *2 (*citing* Va. Code § 8.01-655)). The standard "form is divided into sections, each of which contains simple prompts directing the prisoner to provide the basic information necessary to review his conviction." *Mallory*, 27 F.3d at 992. "The failure to properly complete the form with respect to a particular claim may preclude a finding that the inmate fairly presented the claim to the Virginia courts." *Reyes*, 2009 WL 3109856, at *2 (*citing Mallory*, 27 F.3d at 995-96). "For example, in *Mallory* although the inmate asserted that appellate counsel was ineffective in various parts of his submissions, the inmate had failed to list such a claim in the appropriate space on the statutorily prescribed form for setting forth the grounds for relief." *Id.* (*citing Mallory*, 27 F.3d at 995-96.) The United States Court of Appeals for the Fourth Circuit concluded that the petitioner in *Mallory* had not fairly presented a claim of ineffective assistance of appellate counsel to the Supreme Court of Virginia when he failed to list such a claim in the appropriate space on the statutorily prescribed form. *See id.* (*citing Mallory*, 27 F.3d at 995-96). In reaching that

9

conclusion, the Fourth Circuit emphasized that the interests of comity demanded that petitioners properly complete the state habeas form in order to fairly present their claims:

> State court procedures for presenting claims are not discretionary. Those procedures represent the avenues states have constructed to channel claims through their systems, an issue of no small significance in an era when courts at all levels face heavy caseload burdens. The state courts are familiar with those procedures and expect that all litigants will follow them.

*Mallory*, 27 F.3d at 996.

When Greene challenged the admission of the DNA evidence in his state habeas petition, Greene did not follow Virginia's procedures for raising new claims. Greene listed his ineffective assistance of counsel claim as the only ground for relief that "ha[d] not been [previously] presented to a court." (State Habeas Pet. ¶ 16(a).) Additionally, on the statutorily prescribed form, Greene misrepresented that his challenge to the admission of the DNA evidence was the same claim that he had raised on direct appeal. (State Habeas Pet. ¶ 15(a).) Given these misleading answers on the statutorily prescribed form, the Supreme Court of Virginia understandably concluded Greene's challenge to the introduction of the DNA evidence was "barred because [it was] raised and decided in the trial court and on direct appeal from the criminal convictions, and therefore, [it] cannot be raised in a habeas corpus petition." *Greene v. Warden of Keen Mountain Corr. Ctr.*, No. 091152, at 1-2 (Va. Oct. 23, 2009) (*citing Henry v. Warden*, 576 S.E.2d 495, 496 (Va. 2003)). Permitting review of the federal constitutional aspects of Claim 2 under the present circumstances would inappropriately "signal[ ] litigants that they may ignore state procedures and still expect the federal courts to hear [their] claims." *Mallory*, 27 F.3d at 996; *Reyes v. Kelly*, 3:09CV23-HEH, 2011 WL 5149975, at *3 (E.D. Va. Sept. 20, 2011) (concluding, under similar circumstances, that petitioner's misrepresentations

10

regarding the procedural history of his claims on the statutorily prescribed form precluded a finding of exhaustion). Accordingly, Greene has failed to exhaust the federal constitutional aspects of Claim 2.

### C. Procedural Default

If Greene now attempted to present the federal constitutional aspects of Claim 2 to the Supreme Court of Virginia, that Court would find the claim barred by the rule in *Slayton v. Parrigan*, 205 S.E.2d 680 (Va. 1974). This rule bars a petitioner from raising claims on state habeas that he or she could have, but did not, raise on direct appeal. *Id.* at 682; *Mu'Min v. Pruett*, 125 F.3d 192, 196-97 (4th Cir. 1997) (citing cases). The rule in *Slayton* constitutes an adequate and independent state rule when so applied. *See Mu'Min*, at 196-97. Therefore, Greene procedurally defaulted the federal constitutional aspects of Claim 2. Greene fails to advance any basis for excusing his default. Accordingly, the Court will DISMISS Claim 2.

### IV. Conclusion

The Court will DISMISS Claim 2 and the action. The Court will DENY the § 2254 Petition (Docket No. 1).

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

No law or evidence suggests Greene is entitled to further consideration in this matter. A certificate of appealability is therefore DENIED

An appropriate Order shall issue.

                                               /s/
                                       M. Hannah Lauck
                                       United States Magistrate Judge

Richmond, Virginia
Date: 8-16-12